LOCKE LORD LLP
Michael F. Perlis (SBN: 095992)
mperlis@lockelord.com
Richard Johnson (SBN: 198117)
rrjohnson@lockelord.com
Lilian M. Khanjian (SBN: 259015)
lkhanjian@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Attorneys for Plaintiff
FEDERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY<br>　　　　Claimant-Plaintiff,<br><br>vs.<br><br>CALDERA MEDICAL, INC., and DENISE M. FLANIGAN, ROSIE JEAN BATES, TAMMY L. MCILROY, BRENDA DEYO, SUSAN STONE, KIMBERLY DURHAM, ELAINE TACK, SHARON PEER, ELIZABETH BAILEY, BARBARA COE, DOREEN ESPARZA, CLARA PERELKA, PEGGY GRUBBS, CONNIE WILLAMSON, CHRISTINE MATHEWS, KATRINA BAKER, , DAWN BURNHAM, NANCY ROBERTS, GLENDA THORNE, BENELLA OLTREMARI, PHYLLIS W. BROWN, JOANNE MONGEAU, SYBIL WASHINGTON, and CELINES RAMIREZ, and all others similarly situated<br><br>　　　　Claimant -Defendants. | CASE NO. 2:15-cv-00393<br><br>**COMPLAINT IN THE NATURE OF INTERPLEADER** |

# COMPLAINT IN THE NATURE OF INTERPLEADER

1. Claimant-Plaintiff Federal Insurance Company ("Federal") brings this action in the nature of interpleader against Caldera Medical, Inc. ("Caldera") ("Insured Claimant-Defendant") and Denise M. Flanigan, Rosie Jean Bates, Tammy L. McIlroy, Brenda Deyo, Susan Stone, Kimberly Durham, Elaine Tack, Sharon Peer, Elizabeth Bailey, Barbara Coe, Doreen Esparza, Clara Perelka, Peggy Grubbs, Connie Willamson, Christine Mathews, Katrina Baker, Dawn Burnham, Nancy Roberts, Glenda Thorne, Benella Oltremari, Phyllis W. Brown, Joanne Mongeau, Sybil Washington, and Celines Ramirez, individually and as proposed representatives of two proposed defendant classes (collectively, the "Class Claimant-Defendants") in relation to certain insurance policies, Policy No. 7499-85-32 SFO, ("the Policies"), that Federal issued to Caldera. (The Insured Claimant-Defendant and Class Claimant-Defendants are collectively referred to as the "Claimant-Defendants").

2. The Claimant-Defendants have sought, or may seek, to recover under the Policies for indemnity and/or defense costs with respect to numerous claims including currently active lawsuits pending in various jurisdictions throughout the United States (collectively referred to as the "Caldera Claims").

# NATURE OF THE ACTION

3. Caldera is a California company that markets, distributes and/or sells surgical mesh products used in a variety of different functions, one of which includes a transvaginal mesh implant designed to treat pelvic organ prolapse or stress urinary incontinence.

4. It is Federal's understanding that there are currently six (6) Caldera mesh products involved in the Caldera claims and are as follows:

    a. T-Sling System ("T-Sling");

    b. Desera Sling System ("Desera");

    c. Ascend Blue Pelvic Repair System ("Ascend");

    d. Hydrix XM ("Hydrix");

    e. POPmesh; and

    f. Vertessa Polypropylene Mesh ("Vertessa").

  5. On October 20, 2008, the U.S. Food and Drug Administration issued a Public Health Notification regarding complications of transvaginally implanted Pelvic Organ Prolapse Mesh and Stress Urinary Incontinence Slings. This notification apparently precipitate numerous claims against Caldera and other manufacturers of such products.

  6. To Federal's knowledge, there are currently at least 2,184 claimants who were either actively litigating claims (602 plaintiffs) or had entered into tolling agreements preserving claims (1,582 claimants) against Caldera alleging injuries as a result of being implanted with one or more of the foregoing Caldera products.

  7. In the course of these claims, Federal provided a defense to Caldera and spent over approximately $5,337,553 under the various policies in the defense of the Caldera Claims. Federal has also funded a settlement of $1 million that Caldera requested.

  8. Federal is informed that the amount of Caldera Claims far exceeds Caldera's assets and that Caldera's primary source of funds is claimed to be the Policies.

  9. In connection with the Caldera Claims, Federal is subject to multiple, competing demands for the remaining portions of the Limits of Liability of the Policies.

  10. Pursuant to 28 U.S.C. § 1335, Federal therefore requests that this Court: (a) permit it to post a bond in the amount of $25 million which Federal understands to be the largest amount claimed less the sums paid in defense and settlement by Federal as of the date of the bond posting; (b) adjudicate Federal's rights and defenses under the Policies; (c) adjudicate all Claimant-Defendants' respective rights, duties, and obligations with respect to the proceeds of the Policies; and (d) enjoin all parties and class members from instituting or prosecuting any lawsuit, arbitration or any other

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

proceeding in any State or United States court affecting the Policies or seeking to levy on any settlement or judgment obtained other than through the interpleader proceeding.

11. In support of this Complaint, Federal alleges as follows:

## PARTIES

12. Federal is an insurance company that is incorporated under the laws of the State of Indiana. Federal has its principal place of business in the State of New Jersey.

13. Caldera is a California corporation with its principal place of business in Agoura Hills, California.

14. The first putative class, the T-Sling Class, is defined to include all persons who were implanted with the T-Sling, whether on its own or in addition to any other Caldera product that is the subject of the Caldera Claims, from Caldera and have an actual or potential claim related to T-Sling ("the T-Sling Claims").

15. The second putative class, the Non-T-Sling Class, is defined to include all persons who were implanted with any or all of the following products from Caldera, without having been implanted with the T-Sling: (1) Desara; (2) Ascend; (3) Hydirx; (4) POPmesh; and (5) Vertessa, and have an actual or potential claim related to such products ("the Non-T-Sling Claims"). The T-Sling Class and the Non-T-Sling Class are collectively referred to herein as the Defendant Classes.

16. Denise M. Flanigan, whose claim against Caldera has been tolled, represented by counsel at Aylstock, Witkin, Kreis & Overholtz, PLLC is a member and class representative of the Non T-Sling class.

17. Rosie Jean Bates, whose claim against Caldera has been tolled, is a member and class representative of the T-Sling class and is represented by counsel at Aylstock, Witkin, Kreis & Overholtz, PLLC.

18. Tammy L. McIlroy, whose claim against Caldera has been tolled, is a member and class representative of the Non T-Sling class and is represented by counsel at Matthews & Associates.

19. Brenda Deyo, whose claim against Caldera has been tolled, is a member and class representative of the T-Sling class and is represented by counsel at Matthews & Associates.

20. Susan Stone, whose claim against Caldera has been tolled, is a member and class representative of the T-Sling class and is represented by counsel at Levin Simes LLP.

21. Kimberly Durham, whose claim against Caldera has been tolled, is a member and class representative of the Non T-Sling class and is represented by counsel at Levin Simes LLP.

22. Elaine Tack, whose claim against Caldera has been tolled, is a member and class representative of the T-Sling class and is represented by counsel at Blasingame, Burch, Garrad & Ashley PC.

23. Sharon Peer, whose claim against Caldera has been tolled, is a member and class representative of the Non T-Sling class and is represented by counsel at Blasingame, Burch, Garrad & Ashley PC.

24. Elizabeth Bailey, whose claim against Caldera has been tolled, is a member and class representative of the T-Sling class and is represented by counsel at The Potts Law Firm.

25. Barbara Coe, whose claim against Caldera has been tolled, is a member and class representative of the Non T-Sling class and is represented by counsel at The Potts Law Firm.

26. Doreen Esparza, whose claim against Caldera has been tolled, is a member and class representative of the T-Sling class and is represented by counsel at Clark, Love & Hutson, G.P.

27. Clara Perelka, whose claim against Caldera has been tolled, is a member and class representative of the Non T-Sling class and is represented by counsel at Clark, Love & Hutson, G.P.

28. Peggy Grubbs, whose claim against Caldera has been tolled, is a member and class representative of the T-Sling class and is represented by counsel at Davis & Crump, P.C.

29. Connie Willamson, whose claim against Caldera has been tolled, is a member and class representative of the Non T-Sling class and is represented by counsel at Davis & Crump, P.C.

30. Christine Mathews, who has an active claim against Caldera, is a member and class representative of the Non T-Sling class and is represented by counsel at Phillips Grossman, PLLC.

31. Katrina Baker, who has an active claim against Caldera, is a member and class representative of the T-Sling class and is represented by counsel at Phillips Grossman, PLLC.

32. Dawn Burnham, who has an active claim against Caldera, is a member and class representative of the T-Sling class and is represented by counsel at Arnold & Itkin LLP.

33. Nancy Roberts, who has an active claim against Caldera, is a member and class representative of the Non T-Sling class and is represented by counsel at Anold & Itkin LLP.

34. Glenda Thorne, who has an active claim against Caldera, is a member and class representative of the Non T-Sling class and is represented by counsel at Aylstock, Witkin, Kreis & Overholtz, PLLC and Levin Simes LLP.

35. Benella Oltremari, who has an active claim against Caldera, is a member and class representative of the T-Sling class and is represented by counsel at Levin Simes LLP.

36. Phyllis W. Brown, who has an active claim against Caldera, is a member and class representative of the Non T-Sling class and is represented by counsel at Clark, Love & Hutson, G.P and Levin Simes LLP.

37. Joanne Mongeau, who has an active claim against Caldera, is a member and class representative of the T-Sling class and is represented by counsel at Clark, Love & Hutson, G.P.

38. Sybil Washington, who has an active claim against Caldera, is a member and class representative of the T-Sling class and is represented by counsel at Davis & Crump, P.C.

39. Celines Ramirez, who has an active claim against Caldera, is a member and class representative of the Non T-Sling class and is represented by counsel at Davis & Crump, P.C.

## JURISDICTION AND VENUE

40. This Court has jurisdiction pursuant to 28 U.S.C. § 1335 because the amount in controversy exceeds the statutory $500 amount-in-dispute requirement, and a minimum of two claimants, which include Federal, have diverse citizenship in relation to one another.

41. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because one or more Claimant-Defendants reside in this District.

## FACTUAL ALLEGATIONS

**THE POLICIES**

42. Federal issued Life Sciences Insurance Program policies, Policy No. 7499-85-32 SFO, to Caldera that are relevant to the Caldera Claims for the following policy periods: (1) August 1, 2008 to August 1, 2009 ("2008 Policy"); (2) August 1, 2009 to August 1, 2010 ("2009 Policy"); (3) August 1, 2010 to November 1, 2011 ("2010 Policy"); and (4) November 1, 2011 to November 1, 2012 ("2011 Policy"). (The 2008, 2009, 2010 and 2011 Policies are collectively referred to herein as "the Policies" and are attached hereto as Exhibits A-D, respectively).

43. The Policies are "claims-made" policies that afford coverage to Caldera subject to their terms and conditions.

44. The 2008 Policy has a $10 million Limit of Liability subject to a $50,000 per occurrence deductible, the 2009 Policy has a $10 million Limit subject to a $50,000 per occurrence deductible, the 2010 Policy has a $10 million Limit subject to a $50,000 per event deductible, and the 2011 Policy has a $5 million Limit subject to a $75,000 per claim deductible.

45. Federal has made payments of at least approximately $6,337,553 in defense fees/costs and settlement to Caldera as a result of the Caldera Claims. The remaining non-exhausted portions of the Limits of Liability currently amount to no more than approximately $18,662,447.

46. The Policies provide, in accordance with all of the Policies' terms and conditions that Federal will pay damages that Caldera is legally obligated to pay for bodily injury caused by an occurrence, subject to satisfaction of the applicable deductibles, if a claim for such injuries is first made during each respective Policy Period or applicable Extended Reporting Periods. The Policies further provide that Federal shall have the right and duty to defend any suit against the Insured seeking such damages.

**FEDERAL'S COVERAGE DEFENSES**

47. There are various coverage issues involving the Policies including, but not limited to: (1) when certain of the Caldera Claims are deemed "first made" against Caldera; (2) whether the 2008 or 2009 Policy provides coverage, if at all, for one or more of the T-Sling Claims; (3) whether the 2010 or 2011 Policy provides coverage, if at all, for the non-T-Sling Claims; (4) the number and satisfaction of the deductibles under the Policies for the various Caldera Claims; and, (5) the applicability of exclusions which include, but are not limited to, "prior knowledge" on the part of Caldera, the "known loss" doctrine and willful conduct pursuant to Cal. Ins. Code section 533, which may preclude coverage for some or all of the Caldera Claims.

48. While it is disputed as to which policies provide coverage, it is only contended that at most $25 million in coverage is available from which, according to the terms of the Policies, defense costs and settlements paid must be subtracted.

**CLASS ACTION ALLEGATIONS**

49. Federal will move this Court promptly for class certification of the Defendant Classes. It is appropriate for Federal to sue representative parties on behalf of all members of the Defendant Classes because the requirements under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied here.

    a. The Defendant Classes are so numerous that joinder of all members is impracticable. To Federal's knowledge, there are at least 2,184 claimants who are either actively litigating claims (602 active plaintiffs) or have entered into tolling agreements preserving claims (1,582 claimants) against Caldera. The number of future claimants remains unknown. In particular, the T-Sling Class consists of 837 claimants and the Non-T-Sling Class consists of 1,347 claimants thereby rendering joinder of each member expensive, time-consuming and logistically unfeasible.

    b. There are questions of law and/or fact common to the Defendant Classes. The central issue common to all members of both classes is their entitlement and/or rights, if any, to the remaining proceeds of the Policies based on their implantation(s) of one or more of the five Caldera products that are the subject of the Caldera Claims. The central questions in these cases will be: (1) whether the T-Sling Claims are covered (if at all) under the 2008 Policy or the 2009 Policy, and how many per occurrence deductibles apply pursuant to the Batch Clause in the relevant policy; and (2) whether the Non-T-Sling Claims are covered (if at all) under the 2010 Policy or the 2011 Policy, and how many per event or per

claim deductibles apply under the relevant Policy. Resolution of these issues will require legal interpretation and analysis of relevant policy provisions, and application of those provisions to the facts alleged in the T-Sling and Non-T-Sling claims. As these questions are common to all class members a class action is the most expeditious and suitable method for resolving them.

c. The claims and/or defenses of the representative parties are typical of the claims and/or defenses of the Defendant Classes. For the T-Sling Class, each class representative's claim arises from the same course of events, i.e., the implantation of T-Sling, while each claim of the representatives of the Non-T-Sling Class similarly arises from the implantation of a non-T-Sling product. Therefore, each class representative will make legal arguments similar to her respective class members to seek maximum recovery for her particular class.

d. The representative parties will fairly and adequately protect the interests of their respective classes. The two classes have been structured so that the class representatives are members of the classes they represent and no class representative is a member of any class other than the one she represents. Thus, the class representatives would not have conflicts of interests with the class members they would represent. These Defendant Classes representatives are represented by the law firms with the largest number of claims currently pending against Caldera. Naming as defendant class representatives only those claimants who are represented by counsel who specialize in pelvic mesh litigation and represent the largest number (collectively over 50%) of claimants will ensure that proposed class counsel is experienced, competent

10

COMPLAINT IN THE NATURE OF INTERPLEADER

and qualified to pursue these cases, such that the first requirement is satisfied.

50. The requirements under Rule 23(b)(1) of the Federal Rules of Civil Procedure have also been satisfied here.

    e. With respect to subsection (A) under Rule 23(b)(1), if separate actions were to proceed before separate fora, the various judges might interpret the relevant policy provisions inconsistently.

    f. With respect to Clause (B) of Rule 23(b)(1), the policy proceeds in this case are a finite fund that would be depleted with each payout and would not be sufficient to pay all claimants. The distribution of those proceeds should not depend on who rushes to the courthouses first or chooses those courthouses that can render swifter results than others.

51. Accordingly, while the Defendant Classes must only satisfy either clause (A) or (B), certification under both clause (A) and clause (B) is appropriate here.

## COUNT I
## (INTERPLEADER)

52. Federal incorporates by reference each of the allegations set forth above as if fully set forth herein.

53. The Claimant-Defendants have all sought, or may seek, to recover competing claims under the Policies for indemnity and/or defense costs, settlements and/or judgments.

54. Federal may dismiss from this action any parties or persons who are not claiming any portion of the proceeds of the Policies upon notification.

55. The claimants for the proceeds of the Policies include: (1) actual and potential claimants against Caldera for settlements and/or judgments based on the subject products marketed, distributed and/or sold by Caldera; (2) Caldera for the defense fees and costs incurred in the defense of the Caldera Claims against it and

indemnity to pay any settlements and/or judgments based on the Caldera Claims, subject to the applicable deductibles; and, (3) Federal which may seek to retain some or all of the remaining proceeds under the Policies based on its coverage defenses under the Policies and/or a potential rescission/avoidance of some or all of the Policies.

56. Federal has defenses to the claims by the Claimant-Defendants for the proceeds under the Policies.

57. It is Federal's understanding that the relief sought as part of the Caldera Claims total in the billions and far exceeds the applicable Policies' Limits of Liability.

58. Federal will post a bond into the Court registry in the amount of $25 million less the amounts incurred in defense and settlement payments which currently total approximately $6,337,553, amounting to a sum of approximately $18,662,447.

## COUNT II

### (INJUNCTION)

59. Pursuant to 28 USC section 2361, Federal seeks to enjoin all parties and class members from instituting or prosecuting any lawsuit, arbitration or any other proceeding in any State or United States court affecting the Policies or seeking to levy on any settlement or judgment obtained other than through the interpleader proceeding.

60. Caldera has indicated a financial inability to pay settlements and/or judgments arising out of the Underlying Claims. It is Federal's understanding and belief, based on the Defendant Class members' claims, that Caldera does not have funds sufficient to pay the defense fees and costs associated with its defense of the Caldera Claims or to satisfy any settlement(s) and/or judgment(s) in connection with the Caldera Claims. It is Federal's understanding and belief that the Policies are the primary source of funds available in this regard. As there are limited funds available, a stay of all related litigation is necessary to avoid inequitable depletion of the proceeds available under the Policies. The proceeds under the Policies are finite and

will be depleted with each payout and might not otherwise be sufficient to pay all claimants and potential claimants.

61. An injunction of this nature is appropriate under 28 USC section 2361. Federal statutory interpleader, an exception to the anti-injunction act, empowers a court exercising interpleader jurisdiction to enjoin any other state or federal court proceeding.

62. Federal will be moving the Court promptly for an order to stay all state and federal litigation that could have any impact on the disposition of the interpleaded policy proceeds.

## COUNT III
## (DECLARATORY RELIEF)

63. Pursuant to 28 U.S.C. section 2201, Federal seeks from the Court a declaration of its rights and obligations and a determination of the amount(s) due and owing, if any, under the Policies.

## RESERVATION OF RIGHTS

64. Nothing in this Complaint should be construed as a wavier by Federal of any coverage defenses under the Policies, and Federal reserves the right to raise all other terms, conditions and/or limitations under the Policies as defenses to coverage for any Claim made under the Policies, as appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Federal prays that this Complaint be allowed and filed. Pursuant to the motions that will be filed herewith, Federal also prays for orders stating:

(1) That Federal may be allowed to post a bond into the registry of this Court in the amount of $25 million less the amounts incurred in defense and settlement payments made at the time of the posting of the bond, which currently total at least approximately $6,337,553, amounting to a sum of approximately $18,662,447;

(2)  That all Claimants, including Federal, be required to interplead their respective rights to the proceeds due under the Policies;

(3)  That, pursuant to 28 U.S.C. § 2361, the Claimant-Defendants be enjoined from instituting or prosecuting any proceeding in any State or United States Court or arbitrations, affecting the Policies until further order of this Court;

(4)  That all parties and Defendant Class members are enjoined from seeking to levy on any settlement or judgment obtained other than through the interpleader proceeding;

(5)  That the Court will certify both the T-Sling Class and the Non-T-Sling Class;

(6)  That Federal be allowed to continue to pay fees and costs associated with the defense of the Caldera Claims to the appropriate defense counsel, in accordance with the terms of the Policies and applicable law, and subject to satisfaction of the applicable deductibles;

(7)  For such other and further relief as the Court may deem appropriate.

Dated:  January 20, 2015

Respectfully submitted,

LOCKE LORD LLP


By: /s/ *Lilian M. Khanjian*
      Michael F. Perlis
      Richard Johnson
      Lilian M. Khanjian
*Attorneys for Plaintiff FEDERAL INSURANCE COMPANY*