```
LOCKE LORD LLP
Michael F. Perlis (SBN: 095992)
mperlis@lockelord.com
Richard Johnson (SBN: 198117)
rrjohnson@lockelord.com
Lilian M. Khanjian (SBN: 259015)
lkhanjian@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Attorneys for Claimant-Plaintiff
FEDERAL INSURANCE COMPANY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>Claimant-Plaintiff,<br><br>vs.<br><br>CALDERA MEDICAL, INC., and DENISE M. FLANIGAN, ROSIE JEAN BATES, TAMMY L. MCILROY, BRENDA DEYO, SUSAN STONE, KIMBERLY DURHAM, ELAINE TACK, SHARON PEER, ELIZABETH BAILEY, BARBARA COE, DOREEN ESPARZA, CLARA PERELKA, PEGGY GRUBBS, CONNIE WILLIAMSON, CHRISTINE MATHEWS, KATRINA BAKER, DAWN BURNHAM, NANCY ROBERTS, GLENDA THORNE, BENELLA OLTREMARI, PHYLLIS W. BROWN, JOANNE MONGEAU, SYBIL WASHINGTON, and CELINES RAMIREZ, and all others similarly situated<br><br>Claimants- Defendants. | CASE NO.<br>2:15-cv-00393-SVW-PJW<br><br>**DECLARATION OF LILIAN M. KHANJIAN IN SUPPORT OF FEDERAL INSURANCE COMPANY'S MOTION FOR AN ORDER AUTHORIZING SUBSTITUTED SERVICE ON CERTAIN CLAIMANT-DEFENDANTS**<br><br>DATE: MARCH 9, 2015<br>TIME: 1:30 P.M.<br>DEPT: 6<br><br>**JUDGE STEPHEN V. WILSON**<br><br>[Filed concurrently with: Notice of Motion, Memorandum of Points and Authorities and (Proposed) Order] |

I, Lilian Khanjian, declare as follows:

1. I am an attorney at the law firm of Locke Lord LLP, attorneys of record for Claimant-Plaintiff Federal Insurance Company ("Federal"), and am one of the attorneys representing Federal in this matter. The facts stated herein are true of my own knowledge, except as to those matters stated on information and belief, and, as to those matters, I believe them to be true. I submit this declaration in support of Federal's Motion for an Order Authorizing Substituted Service.

2. Based on information received from Caldera, through its counsel, our office is informed that there are at least 2,184 claimants who are either litigating claims or have tolled claims against Caldera in relation to its products ("the Caldera Claims").

3. Our office is aware that the six Caldera products that are the subject of the Caldera Claims are as follows: (1) T-Sling System; (2) Desera Sling System; (3) Ascend Blue Pelvic Repair System; (4) Hydrix XM; (5) POPmesh; and (6) Vertessa Polypropylene Mesh.

4. Federal issued Life Science Insurance Program policies, each numbered Policy No. 7499-85-32 SFO, to Caldera for the following policy periods: (1) August 1, 2008 to August 1, 2009 ("2008 Policy"); (2) August 1, 2009 to August 1, 2010 ("2009 Policy"); (3) August 1, 2010 to November 1, 2011 ("2010 Policy"); and (4) November 1, 2011 to November 1, 2012 ("2011 Policy"). The 2008, 2009, 2010 and 2011 Policies are collectively referred to herein as "the Policies" and have been attached as Exhibits A-D, respectively, to Federal's Complaint filed in this action. See Document No. 10 of the Docket.

5. Based upon information provided to our office, Federal has funded to date over $6,386,891 in defense and indemnity payments under the Policies, without having collected any deductible from Caldera, in connection with the Caldera Claims.

6. Based upon information provided to our office, the remaining non-exhausted portions of the Limits of Liability amount to approximately $18,613,109.

1

DECLARATION OF LILIAN M. KHANJIAN IN SUPPORT OF FEDERAL INSURANCE COMPANY'S MOTION

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

7. Based upon information provided to our office, the overall relief sought by the claimants is in excess of $1 billion.

8. Based upon information provided to our office, Caldera has indicated it has limited assets which would unlikely satisfy judgments or fund the defense costs and that its primary source of funds is its insurance policies.

9. There are various coverage issues and disputes involving the Policies including, but not limited to: (1) when certain of the Caldera Claims are deemed "first made" against Caldera; (2) whether the 2008 or 2009 Policy provides coverage, if at all, for one or more of the T-Sling Claims; (3) whether the Non-T-Sling Claims are covered (if at all) under the 2010 Policy or the 2011 Policy; (4) the number, applicability and satisfaction of the deductibles under the Policies for the various Caldera Claims; and, (5) the applicability of exclusions and other policy provisions which include, but are not limited to, "prior knowledge" on the part of Caldera, the "known loss" doctrine, the "prior reported/deemed known" exception and willful conduct pursuant to Cal. Ins. Code section 533, which may preclude coverage for some or all of the Caldera Claims.

10. Federal has not charged any deductible under the Policies to Caldera in connection with the Caldera Claims, but has reserved the right to do so.

11. Based upon information provided to our office, Caldera contends that, at most, $25 million in total coverage among the Policies is available from which, according to the terms of the Policies, defense costs and settlements paid must be subtracted.

12. On January 20, 2015, Federal filed an action in the nature of interpleader naming as defendants Caldera and twenty four (24) claimants individually and as class representatives of two proposed defendant classes. See Federal's Complaint filed in this action on January 20, 2015. See Document No. 1 of the Docket.

13. Federal has been involved in two mediations attempting to settle the Caldera Claims, one of which occurred before and the other after the Complaint was

filed. Federal participated in a two-day settlement conference on January 27 and 28, 2015, before Judge James R. Dunn and mediation facilitator Jim Chaplin.

14. Once service of the Complaint is complete, our office, on behalf of Federal, will promptly move the Court to certify the two proposed defendant classes (as described in the Memorandum of Points and Authorities in support of the instant Motion) and for a stay of the pending claims against Caldera.

15. After multiple diligent searches, our office was able to locate addresses for only 12 of the 24 named class representative Claimant-Defendants. Immediately after filing the Complaint, our office, on behalf of Federal caused personal service on 8 of these 12 Claimant-Defendants. Our office has not yet been able to serve the remaining 4 Claimant-Defendants for various reasons including what turned out to be incomplete/invalid address and inability to physically locate the claimant. Despite diligent search efforts, our office has been unable thus far to confirm the residences of the other 12 Claimant-Defendants named as class representatives in order to effectuate personal service. Based on the information provided to our office, Federal lacks any evidence identifying the state or county in which several of these individuals reside in order to narrow the scope of the results of the addresses. By way of example, the name Doreen Esparza (a Claimant-Defendant and proposed class representative that Federal is attempting to serve) resulted in 256 addresses throughout the United States. There are similar issues with the other Claimant-Defendants for whom our office has been unable to confirm addresses. It became clear that expending any additional resources toward attempting to locate additional addresses would be futile.

16. Each of the Claimant-Defendants that Federal seeks to serve by way of her attorney through this motion is a person for whom Federal, through our office, has not been able to otherwise serve personally.

17. Attached hereto as Exhibit A is a document that identifies those Claimant-Defendants/proposed class representatives that Federal has been unable to serve along with their respective counsel.

18. On January 28, 2015, during the two-day settlement conference, Judge Dunn and Mr. Chaplin conveyed to a representative group of claimants' counsel Federal's request that claimants' counsel accept service of the Complaint on behalf of the Claimant-Defendants not yet served. A representative of claimants' counsel advised that counsel would provide a response to this request by Friday, January 30th.

19. After not having heard any response from any counsel, on January 30, 2015, Richard Johnson of our office sent an email (on which I was copied) to counsel for those Claimant-Defendants not yet served and reiterated Federal's request that counsel accept service. Mr. Johnson also advised counsel that, to the extent counsel did not respond to this request by Monday February 2, 2015, Federal would seek court intervention to pursue alternative means of service and advise of counsel's failure to respond. Attached hereto as Exhibit B is a true and correct copy of Mr. Johnson's email correspondence dated January 30, 2015.

20. The only response to Mr. Johnson's email was from a single attorney, Blake Deady, stating that one of his clients had already been served, but failed to acknowledge the request for service on any other client-claimant. Attached hereto as Exhibit C is a true and correct copy of Mr. Deady's email correspondence dated January 30, 2015.

21. On Monday February 2, 2015, I was informed that Mr. Chaplin advised Federal's coverage counsel at White & Williams that claimants' counsel had thus far refused to accept service and would further respond to Federal's request regarding service on February 16, 2015. Given claimants' counsel's failure to comply with other response dates/deadlines previously conveyed, there was no assurance that we would receive any response from claimants' counsel by February 16th, much less a positive one.

22. If claimants' counsel agree to accept service on behalf of the named Claimant-Defendants by February 16th, Federal will withdraw the instant motion.

4

DECLARATION OF LILIAN M. KHANJIAN IN SUPPORT OF FEDERAL INSURANCE COMPANY'S MOTION

1  I declare the foregoing to be true and correct under the penalty of perjury of the
2  laws of the United States of America. Executed this 9th day of February 2015 in Los
3  Angeles, California.

_____
Lilian Khanjian

# EXHIBIT A

## Claimant-Defendants/Proposed Class Representatives Not Yet Served

| Name of Claimant-Defendant | Counsel |
|---|---|
| 1. Denise M. Flanigan | Aylstock, Witkin, Kreis & Overholtz PLLC |
| 2. Rosie Jean Bates | Aylstock, Witkin, Kreis & Overholtz PLLC |
| 3. Tammy L. McIlroy | Matthews & Associates |
| 4. Brenda Deyo | Matthews & Associates |
| 5. Susan Stone | Levin Simes LLP |
| 6. Elaine Tack | Blasingame, Burch, Garrad & Ashley PC |
| 7. Sharon Peer | Blasingame, Burch, Garrad & Ashley PC |
| 8. Doreen Esparza | Clark, Love & Hutson, G.P. |
| 9. Peggy Grubbs | Davis & Crump, P.C. |
| 10. Connie Williamson | Davis & Crump, P.C. |
| 11. Christine Mathews | Phillips Law Firm |
| 12. Katrina Baker | Arnold & Itkin LLP |
| 13. Dawn Burnham | Arnold & Itkin LLP |
| 14. Nancy Roberts | Arnold & Itkin LLP |
| 15. Joanne Mongeau | Clak Love Hutson |
| 16. Sybil Washington | Davis & Crump |

1

# EXHIBIT B

# Khanjian, Lilian

| | |
|---|---|
| **From:** | Johnson, Richard R. |
| **Sent:** | Friday, January 30, 2015 2:20 PM |
| **To:** | dkreis@awkolaw.com; awright@awkolaw.com; rabrams@levinsimes.com; bdeady@triallawfirm.com; jbw@bbgbalaw.com; trevor.rockstad@daviscrump.com; Lowell@justiceforyou.com; karnold@arnolditkin.com; dmatthews@dmlawfirm.com |
| **Cc:** | Perlis, Mike; Khanjian, Lilian; kassakm@whiteandwilliams.com; whiteg@whiteandwilliams.com |
| **Subject:** | Caldera Interpleader |

Dear Counsel:

During the mandatory settlement conference, we asked plaintiffs' counsel whether they would accept service on behalf of their clients of Federal's complaint in the nature of interpleader, and the response we received was that counsel was reflecting on the issue and would let us know today. We have not so far received any such response. Please let us know whether you are authorized to accept service of the complaint.

If we do not hear from you by Monday morning, we will proceed to pursue with the Court alternative means of service and let the Court know that we asked the unserved plaintiffs' counsel whether they would agree to accept service but did not receive any response. Thank you for your attention to this.

On another note, you may be interested to know that AMS has filed a motion to intervene in the Interpleader so that it can make its own claim against policy proceeds.

Very truly yours,
Richard

**Richard R. Johnson**
Senior Counsel
Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
T: 213.687.6798
F: 213.341.6795
rrjohnson@lockelord.com
www.lockelord.com

Atlanta, Austin, Chicago, Dallas, Hong Kong, Houston, London, Los Angeles, New Orleans, New York, Sacramento, San Francisco, Washington DC

1

# EXHIBIT C

# Johnson, Richard R.

| | |
|---|---|
| **From:** | Blake A. Deady <BDeady@TrialLawFirm.com> |
| **Sent:** | Friday, January 30, 2015 2:28 PM |
| **To:** | Johnson, Richard R. |
| **Subject:** | RE: Caldera Interpleader |

Mr. Johnson,

One of my clients has already been served.

BD



**Blake A. Deady**
**Clark, Love & Hutson, GP**
440 Louisiana Street, Suite 1600 | Houston, Texas 77002
713-757-1400 (Telephone) | 713-759-1217 (Fax)
BDeady@TrialLawFirm.com | www.TrialLawFirm.com

Confidentiality Notice: This email and any files transmitted with it are confidential and may be protected by legal privilege. It is intended solely for the use of the individual or entity to whom it is addressed. Please notify the sender immediately by e-mail if you have received this message in error and delete all copies. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the firm.

**From:** Johnson, Richard R. [mailto:RRJohnson@lockelord.com]
**Sent:** Friday, January 30, 2015 4:19 PM
**To:** dkreis@awkolaw.com; awright@awkolaw.com; rabrams@levinsimes.com; Blake A. Deady; jbw@bbgbalaw.com; trevor.rockstad@daviscrump.com; Lowell@justiceforyou.com; karnold@arnolditkin.com; dmatthews@dmlawfirm.com
**Cc:** Perlis, Mike; Khanjian, Lilian; kassakm@whiteandwilliams.com; whiteg@whiteandwilliams.com
**Subject:** Caldera Interpleader

Dear Counsel:

During the mandatory settlement conference, we asked plaintiffs' counsel whether they would accept service on behalf of their clients of Federal's complaint in the nature of interpleader, and the response we received was that counsel was reflecting on the issue and would let us know today. We have not so far received any such response. Please let us know whether you are authorized to accept service of the complaint.

If we do not hear from you by Monday morning, we will proceed to pursue with the Court alternative means of service and let the Court know that we asked the unserved plaintiffs' counsel whether they would agree to accept service but did not receive any response. Thank you for your attention to this.

On another note, you may be interested to know that AMS has filed a motion to intervene in the Interpleader so that it can make its own claim against policy proceeds.

1

Very truly yours,
Richard

**Richard R. Johnson**
Senior Counsel
Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
T: 213.687.6798
F: 213.341.6795
rrjohnson@lockelord.com
www.lockelord.com


Atlanta, Austin, Chicago, Dallas, Hong Kong, Houston, London, Los Angeles, New Orleans, New York, Sacramento, San Francisco, Washington DC



Atlanta | Austin | Boston | Chicago | Dallas | Hartford | Hong Kong | Houston | Istanbul | London | Los Angeles | Miami | Morristown | New Orleans | New York | Orange County | Providence | Sacramento | San Francisco | Stamford | Tokyo | Washington DC | West Palm Beach

Locke Lord LLP and Edwards Wildman Palmer LLP merged effective January 10, 2015. For more information visit www.lockelord.com

CONFIDENTIALITY NOTICE:
This e-mail and any attached files from Locke Lord LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.