LOCKE LORD LLP
Michael F. Perlis (SBN: 095992)
mperlis@lockelord.com
Richard R. Johnson (SBN: 198117)
rrjohnson@lockelord.com
Lilian M. Khanjian (SBN: 259015)
lkhanjian@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Attorneys for Claimant-Plaintiff
FEDERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY<br><br>Claimant-Plaintiff,<br><br>vs.<br><br>CALDERA MEDICAL, INC., and DENISE M. FLANIGAN, ROSIE JEAN BATES, TAMMY L. MCILROY, BRENDA DEYO, SUSAN STONE, KIMBERLY DURHAM, ELAINE TACK, SHARON PEER, ELIZABETH BAILEY, BARBARA COE, DOREEN ESPARZA, CLARA PERELKA, PEGGY GRUBBS, CONNIE WILLIAMSON, CHRISTINE MATHEWS, KATRINA BAKER, DAWN BURNHAM, NANCY ROBERTS, GLENDA THORNE, BENELLA OLTREMARI, PHYLLIS W. BROWN, JOANNE MONGEAU, SYBIL WASHINGTON, and CELINES RAMIREZ, and all others similarly situated<br><br>Claimants- Defendants. | CASE NO.<br><br>2:15-cv-00393-SVW-PJW<br><br>**FEDERAL INSURANCE COMPANY'S SUPPLEMENTAL SUBMISSION IN RESPONSE TO THE COURT'S QUESTIONS**<br><br>DATE: April 6, 2015<br>TIME: 1:30 P.M.<br>PLACE: COURTROOM 6, 2ND FLOOR, LOS ANGELES – SPRING STREET |

Plaintiff, Federal Insurance Company ("Federal") respectfully submits this Supplemental Memorandum to address one of the questions raised by the Court during the April 6, 2014 hearing on Encision's unopposed Motion to Intervene. During the hearing, the Court asked Federal two questions: (1) whether it was appropriate to name as defendants in the interpleader the underlying third-party transvaginal mesh claimants asserting claims against Federal's Insured, Caldera Medical, Inc. ("Caldera"); and (2) whether Federal had walked away from and surrendered any right with respect to the approximately $18 million in remaining policy limits by interpleading it with the Court.

As Federal observed during the hearing, the United States Supreme Court has provided the answer to both of those questions in its seminal decision in *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 87 S. Ct. 1199, 18 L. Ed. 2d 270 (1967). In short, the Supreme Court, applying and expanding upon the federal interpleader statute, 28 U.S.C. § 1335(a), held that it was appropriate for a liability insurer in Federal's position (*i.e.*, an insurer whose Insured was facing a multiplicity of tort claims potentially covered under its insurance policy, which had doubts as to the availability of coverage) to file an "action in the nature of interpleader," in which it: (1) named all of the third-party claimants asserting potentially-covered claims against the Insured as defendants; and (2) asserted its own claims against the interpleaded policy (viz., claims for a declaration to the effect that policy proceeds might not be available because of various coverage issues).

The Court appears to have accepted during the hearing the principle that Federal can assert its own coverage claims in this action, inasmuch as it has ordered Federal to file a motion for summary judgment addressing its coverage position.[1]

---

[1] While the Court suggested that the action could be handled as a declaratory relief claim between Federal and Caldera, that will not work because (among other reasons) Caldera has, under the terms of the Policies, entered into agreements under which various other parties have become either Insureds or contractual indemnitees

However, by stating that it was not concerned that certain third-party claimant-defendants have not yet been served, the Court seemed to indicate that it was still concerned whether such third-party claimants are proper parties to this action. Accordingly, we focus this supplemental brief on the issue of whether third-party claimants should properly be named as defendants in an interpleader action, notwithstanding the fact that they do not yet have direct, liquidated claims against the proceeds of the interpleaded insurance policies.

A review of *Tashire* and several subsequent interpleader cases confirms that third-party claimants with unliquidated claims not yet reduced to judgment are in fact properly named as defendants in an interpleader action. *See*, *e.g.*, *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (truck driver's insurer brought action in the nature of interpleader "against the drivers, the bus company, truck owner, and each prospective claimant"); *Endurance American Specialty Insurance Company v. AFA Financial Group, LLC, et al.*, CV 11-1073 DSF (AJWx) (Dkt. ## 248, 322) (C.D. Cal.), *aff'd*, Case No. 12-55636 (9th Cir. 2013) (interpleader properly filed by insurer against Insured broker-dealer and 54 other defendants, including dozens of investors asserting claims against the Insured); *Travelers Indem. Co. v. Greyhound Lines, Inc.*, 377 F.2d 325 (5th Cir. 1967) ("Interpleader [against Insured and 35 tort victims or their heirs] was properly brought here even though the claims were in the form of unliquidated tort claims"); *Mid-American Indem. Co. v. McMahan*, 666 F. Supp. 926, 928-29 (S.D. Miss. 1987) (insurer filed interpleader against insureds and multiple accident victims and heirs in which court "ordered . . . defendant/claimants . . . enjoined from instituting or prosecuting any proceeding in any court, state or federal, affecting the proceeds of policy . . . until such time as the proceedings against

---

potentially entitled to defense and indemnity under the Policies. Federal continues to believe, however, that American Medical Systems, Inc. should not be included in the interpleader as it is demonstrably neither an Insured nor a contractual indemnitee.

[Insured] by all claimants are finalized[; . . ] defendant/claimants shall interplead and settle among themselves their respective rights to the money due under the policy[;] plaintiff is discharged from all further liability to any of the defendant/claimants entitled to recover indemnity"); *Nat'l Indem. Co. v. Grimm*, 760 F. Supp. 489, 492-93 (W.D. Pa. 1991) ("[W]e are bound by the Tashire Court decision wherein the Supreme Court, in a statutory interpleader action under 28 U.S.C. § 1335, found that when interpleader is sought against persons with unliquidated tort claims against the insured, the claimants may be enjoined from asserting their rights to the proceeds of the insurance policy except within the interpleader action . . ."); *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 42 (D.D.C. 2002) (insurer brought interpleader against bondholder and "approximately 35 parties, consisting of corporations located in at least 13 different states" asserting claims against bondholder); *Buckeye State Mutual Ins. Co. v. Moens*, 944 F. Supp. 2d 678, 701 (N.D. Iowa 2013) (insurer filed interpleader action naming "as defendants its insureds . . . and two groups of [third-party] claimants against the Policy, identified as the 'bodily injury claimants' and the 'lien claimants'").

A review of the docket of the recent *AFA* interpleader in this Court (Case No. CV 11-1073 DSF (AJWx)) is instructive, as it confirms that an insurer's action in the nature of interpleader against its Insured(s) and all third parties asserting claims against the Insured(s) can efficiently be utilized to obtain both summary judgment rulings regarding coverage issues and orderly payments of policy proceeds to both Insureds and third-party claimants.

All of the cases cited by Federal and the third-party transvaginal mesh claimants so far appearing in this action confirm that third-party claimants with unliquidated tort claims against an Insured are properly included as defendants in an interpleader action. Therefore, while Federal and the third-party claimants differ as to the proper scope of the stay and injunction to which Federal is entitled in the

underlying transvaginal mesh litigations,[2] there should be no doubt that all of the mesh claimants can properly be named as parties in this action.[3]  In fact, a failure to include known third-party claimants in the action could undermine the purposes for which the interpleader statute was enacted.  Federal's only reasons for seeking to include and bind all third-party claimants in this interpleader are: (a) to insure that all claimants will ultimately be entitled to an equitable share of the limited policy proceeds, rather than some losing everything to others in an uncontrolled race to the courthouse, and (2) to discharge fully its own obligations to Caldera and any other Insureds.  Accordingly, Federal respectfully reiterates its request that its pending motion for substituted service be granted.

Should the Court have any other questions, Federal would be happy to submit additional briefing or address them at the April 27, 2015 hearing on the Motions to Stay and to Authorize Payment of Defense Costs.

Dated:  April 9, 2015

Respectfully submitted,

LOCKE LORD LLP

By: /s/ *Richard R. Johnson*
      Michael F. Perlis
      Richard R. Johnson
      Lilian M. Khanjian
*Attorneys for Claimant-Plaintiff*
*FEDERAL INSURANCE COMPANY*

---

[2] As outlined in Federal's pending Motion to Stay and soon-to-be-filed Reply, Federal is, in fact, entitled, under the facts of this case (especially Caldera's claimed lack of assets, apart from the policies, from which to satisfy the mesh claims), to the targeted stay and injunction it is requesting.

[3] However, since there are over 2000 mesh claimants, Federal has opted to name only a few representative claimants (*viz.*, active and tolled T-Sling and Non-T-Sling claimants who are represented by law firms that represent the largest number of claimants in California and other jurisdictions) and seek certification of non-opt-out defendant classes pursuant to Fed. R. Civ. P 23(b)(1).